```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb. 6, 2013
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
JS BARKATS, PLLC,                   :
                                    :
                 Plaintiff,         :
                                    :    No. 12 Civ. 6779 (JFK)
      -against-                     :
                                    :    **MEMORANDUM OPINION & ORDER**
BE, INC., or its successor(s) or    :
assigns; BE, LLC, or its            :
successor(s) or assigns; BE         :
HOLDINGS, INC., or its              :
successor(s) or assigns, BE         :
INVESTMENT HOLDINGS, LLC, or its    :
successor(s) or assigns, SUSAN      :
MARIA LEACH,                        :
                 Defendants.        :
-----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Defendants BE, Inc., BE Holdings, Inc., BE Investment Holdings, LLC, and Susan Maria Leach (collectively, "Defendants") to stay proceedings and compel arbitration. For the reasons stated below, the Defendants' motion is granted.

## I. Background

    Plaintiff JS Barkats LLC ("Barkats" or "Plaintiff") is a professional limited liability company formed under the laws of New York, with its principal place of business in New York. Defendant BE, Inc. is a Florida corporation with its principal place of business in Florida. Defendant BE, LLC is a limited liability company formed under the laws of Florida with its principal place of business in Florida. Defendant BE Holdings

is a Nevada Corporation with its principal place of business in Florida.  Defendant BE Investment Holdings, LLC is a limited liability corporation formed under the laws of Florida with its principal place of business in Florida.  Defendant Susan Maria Leach ("Leach") is a resident of Florida. (Compl. ¶¶ 9-14.)

Defendants and Barkats entered into an Engagement Letter in which Barkats would provide legal services on a flat fee basis.  In addition, Defendants agreed to pay deferred fees of $250,000 if the Defendants were able to raise capital through Plaintiff's affiliates or introductions.  According to Barkats, its "negotiations, efforts, and assistance" resulted in the Defendants' receiving an equity line of $4 million. (Id. ¶¶ 18-19, 21.)  As of January 18, 2012, Defendants had made payments to Plaintiff totaling $18,750. (Id. ¶ 30.)

Plaintiff avers that Defendants "unexpectedly, unilaterally, without cause, in bad faith and without explanation" terminated their engagement on March 26, 2012. (Pl. Opp. at 2.)  After not receiving requested fees, Plaintiff mailed to Defendants a "Notice of Client's Right to Arbitrate a Dispute Over Attorney's Fees" in April 2012. (Aff. Exh. B.)  Plaintiff did not hear from Defendants and filed the instant diversity action on September 7, 2012.

According to Plaintiff, a balance of $236,310 remains due, in addition to the $250,000 Plaintiff alleges that it is

2

entitled to, based upon the fact that Barkats helped Defendants raise capital.  Plaintiff's Complaint sets forth three causes of action: (1) breach of contract, (2) quantum meruit, and (3) unjust enrichment. (Compl. ¶¶ 43-65.)

Defendants have not filed an Answer, but instead filed the instant motion to stay proceedings and compel arbitration on October 17, 2012.  Plaintiff opposes the motion, requesting that it be stricken as procedurally defective, or, in the alternative, denied on the merits.

## II. Discussion

### A. Procedural Defects

Plaintiff argues that the instant motion should be stricken because (1) it was filed without any accompanying supporting affidavits, (2) Defendants' counsel has not filed a notice of appearance and there was no pre-motion conference, and (3) Defendants have failed to interpose an Answer to the Complaint. The Court will consider each objection in turn.

Plaintiff's first ground for striking the motion is without merit.  Local Rule 7.1(a) sets forth the papers that must accompany a party's motion:  it requires supporting affidavits "containing any factual information and portions of the record necessary for the decision of the motion." Local Rule 7.1. While submitting an affirmation along with a memorandum in support of one's motion is good practice, if the Court already

3

has all the factual information necessary to decide the motion, it is not a requirement. Here, Defendants' memorandum in support of its motion and its reply memorandum cite only facts that have been sworn to in Plaintiff's affirmation. Thus, the record before the Court is complete and Local Rule 7.1 is satisfied.

Next, the fact that Defendant's counsel has failed to file a notice of appearance is a curable defect. The Court, in its discretion, excuses this defect, and will consider the instant motion.

Finally, the Court notes that parties are permitted to file motions to stay in lieu of an answer or other dispositive motions. See Lamkin v. Morinda Props. Weight Parcel, LLC, 440 Fed. App'x 604, 607 (10th Cir. 2011). Therefore, Plaintiff's third ground for rejection of the motion on procedural grounds is rejected.

### B. Arbitrability of Dispute

Plaintiff next argues that the Court should deny Defendants' motion on the merits because Defendants have waived their right to arbitration by failing to timely respond to the letter Plaintiff sent notifying Defendants of their right to arbitrate. (Pl Ex. A.)

The parties agree that the Engagement Letter includes an agreement to arbitrate. The relevant portion of the letter states:

> Any dispute, shall be resolved by confidential arbitration as follows: (1) If and to the extent that the New York Fee Dispute Resolution Program (Part 137 of 22 NYCRR) providing for the informal and expeditious resolution of fee disputes between attorneys and clients is applicable, then the rules and procedures of such Fee Dispute Resolution Program shall apply. (2) If such Fee Dispute Resolution Program is not applicable to any such dispute, controversy or claim, then the arbitration shall be conducted in New York City in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

(Bakshi Aff. ¶ 2.)

Plaintiff notes that the New York Fee Dispute Resolution Program Rules permit an attorney to bring an action in court if the client is unresponsive. Specifically, the Rules provide:

> If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a request for arbitration within 30 days after the notice was received, the attorney may . . . commence an action in a court of competent jurisdiction . . . and the client no longer shall have the right to request arbitration pursuant to this Part.

22 NYCRR § 137.6(b). Plaintiff contends (1) that Defendants' failure to respond within 30 days renders their instant request to arbitrate impermissible under the NYCRR, and (2) the fact that Defendants waited over five months to request arbitration amounts to waiver of their right arbitrate.

The NYCRR's provision permitting a cause of action to be filed when the client does not respond within 30 days does not apply in this case.  Part 137.1(b)(2) of 22 NYCRR expressly provides that the rules do not apply if the amount in disputed is "less than $1,000 or more than $50,000."  Plaintiff is seeking more than $500,000.  Therefore, the Fee Dispute Resolution Program Rules do not apply to the instant action. Under the terms of the Engagement Letter, this dispute falls under subsection (2), which provides that the Commercial Arbitration Rules of the American Arbitration Association will govern.  The Commercial Arbitration Rules do not have a similar requirement that the client respond within 30 days.  Therefore, Defendants are not statutorily precluded from pursuing arbitration.

The Court will next consider Plaintiff's argument that Defendants waived their right to arbitration by waiting five months to invoke it.  The Court notes that Defendants made this motion on October 17, 2012, less than 45 days after the Complaint was filed.  Plaintiffs have calculated five months by counting from the date it sent Defendants notice of their right to arbitrate.

The right to arbitrate may be waived just as any other contractual right. <u>Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.</u>, 781 F.2d 494, 497 (5th Cir. 1986). Given the strong

public policy in favor of arbitration, however, waiver of arbitration is not favored, and there is a presumption against it. Com-Tech Assocs. v. Computer Assocs. Intern., Inc., 938 F.2d 1574, 1566 (2d Cir. 1991) ("[A] waiver of arbitration is not to be lightly inferred.").  Any doubts concerning whether arbitration should be compelled should be resolved in favor of arbitration. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Mere delay in seeking arbitration, absent prejudice to the opposing party, does not constitute waiver. Rush v. Oppenheimber & Co., 779 F.2d at 885, 887 (2d Cir. 1985); Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc., 754 F.2d 457, 463 (2d Cir.), cert. denied, 474 U.S. 819 (1985).  To determine the amount of prejudice to the party opposing arbitration, the court should examine:  (1) the extent to which the pretrial activity focused upon claims which would be arbitrable, (2) the time and expense incurred in defending against dispositive motions, and (3) whether the party timely asserted its right to arbitrate. Republic Ins. Co. v. Paico Receivables, L.L.C ., 383 F.3d 341, 344 (5th Cir. 2004).

Here, the minimal amount of prejudice that Plaintiff would suffer as a result of compelling arbitration does not come close to outweighing the presumption against waiver of arbitration. Absent the filing of the Complaint, there has been no pretrial

activity.  Similarly, no party has incurred expenses relating to dispositive motions.  Finally, a delay of five months before seeking to enforce the contractual arbitration clause is not sufficient to constitute waiver.  See Eastern Fish Co. v. S. Pac. Shipping Co., Ltd., 105 F. Supp. 2d 234, 240 (S.D.N.Y. 2000) (holding that a delay of six months in invoking right to arbitration does not amount to waiver).  Therefore, Defendants have not waived their right to arbitration and may properly invoke it at this juncture.

### III. Conclusion

For the reasons stated above, Defendants' motion to compel arbitration is granted, and the instant action is stayed pending arbitration.

**SO ORDERED.**

Dated:   New York, New York
         February 5, 2013

                                        _____
                                        JOHN F. KEENAN
                                        United States District Judge